IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00695-KDB-DCK

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PT MEDIA LLC AND EARL HUGH THOMAS, <br><br> Defendants. | <br><br><br><br> **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Default Judgment (Doc. No. 9). The Court has carefully considered this motion and the supporting record. Based on that review, the Court will **GRANT** the motion and enter Default Judgment against Defendants as described below.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *United States v. Rutledge Fin. Partners, LLC*, No. 3:25-CV-00471-KDB-DCK, 2025 WL 2677543, at *1 (W.D.N.C. Sept. 18, 2025). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine

1

whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id*. "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Id*. In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id*.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Joe Hand Promotions, Inc. ("JHP") is a distributor of sports and entertainment programming to commercial establishments such as bars and restaurants. In this action, JHP alleges that Defendants PT Media LLC d/b/a Sports One Bar & Lounge and its manager Earl Hugh Thomas are liable for showing an Ultimate Fighting Championship broadcast (the "Event") on March 4, 2023, without paying the commercial licensing fee to Plaintiff. Specifically, Plaintiff filed its Complaint on September 10, 2025, alleging that the Defendants knowingly and willfully violated Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. Plaintiff served the Summons and Complaint upon PT Media, LLC on September 23, 2025, and on Defendant Earl Hugh Thomas on September 15, 2025. *See* Doc. No. 5. Defendants did not respond to the Complaint and on October 27, 2025, default was entered against Defendants. *See* Doc. No. 7. Plaintiff filed its Motion for Default Judgment on December 5, 2025; no response has been filed; and the motion is ripe for this Court's ruling.

2

Case 3:25-cv-00695-KDB-DCK     Document 12     Filed 12/17/25     Page 2 of 5

### III. DISCUSSION

Based on the Defendants' default, they are liable to Plaintiff for the unauthorized transmission of the Event. The question before the Court is therefore how much in damages should be awarded. When a defendant is liable under both §§ 553 and 605, a plaintiff may recover damages under only one section. *Kingvision Pay-Per-View Corp., LTD. v. Wright*, No. 8:06-CV-892-T-30MAP, 2006 WL 4756450, at *1 (M.D. Fla. Oct. 27, 2006). Plaintiff has elected damages pursuant to 47 U.S.C. § 605. *See* Doc. No. 10 at 5. Under 47 U.S.C. § 605, a Plaintiff may recover statutory damages of up to $10,000.00 for each violation. *See* § 605(e)(3)(C)(i)(II). Moreover, if the court finds that the violation of the Communications Act was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain...," the court may award additional damages of up to $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Furthermore, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees" to a prevailing plaintiff.

Plaintiff requests statutory damages in the amount of $2,500 under § 605(e)(3)(C)(i)(II) and $10,000 in enhanced statutory damages under § 605(e)(3)(C)(ii). By statute, the amount of the awards are to be determined "as the court considers just" (§ 605(e)(3)(C)(i)(II)) and in the court's "discretion" (§ 605(e)(3)(C)(ii)). The Complaint and proffered affidavits provide a thin record on which the Court must decide damages. Had Defendants legally licensed the Event from Plaintiff, the licensing fee would have been $1,270. Further, Plaintiff's "auditor" (who visited the Defendant bar for less than 20 minutes on the night of the broadcast) reports that he paid a $10 cover charge, counted 83 patrons at the highest point, observed a match on 9 televisions and estimated the capacity at 120 persons. Significantly, the auditor does not state that he spoke to anyone at the bar about their authorization to show the fights.

3

Also, Plaintiff asks that the Court infer willfulness from Defendants' default or simply from the allegation that the broadcast signal could not be obtained by "accident" (in other words, the fight was on the TV). Again, by their default, Defendants admit only the Complaint's well-pleaded factual allegations—they do not admit conclusions of law, which include a determination of willfulness. *Ryan*, 253 F.3d at 780 (citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1885)); *Gomez v. Midlo Floors LLC*, No. 3:22CV746, 2024 WL 556650, at *9 (E.D. Va. Feb. 12, 2024). Also, while it may well be true that Defendants did not show the broadcast accidentally, the Court has no information about the circumstances of the broadcast (for example, did the bar pay someone else in the inaccurate belief that it was obtaining an authorized telecast?). Therefore, even though the Court has included § 605(e)(3)(C)(ii) in its calculations, it is unwilling to enter a large award based on "willfulness."

In summary, in the exercise of its discretion, the Court will enter a total award of statutory damages under § 605(e)(3)(C)(i)(II) and § 605(e)(3)(C)(ii) in the amount of $2,500. The Court finds this award adequately compensates Plaintiff for its damages, penalizes Defendants for their illegal conduct, and upholds the statutory intent of deterrence.[1] In addition, the Court will award costs and reasonable attorneys' fees in the amounts of $504.09 and $1,500 as requested by Plaintiffs.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 9) is **GRANTED**;

---

[1] Together with costs and attorneys' fees, the award against Defendants amounts to more than 3.5 times the cost of the authorized broadcast, which the Court finds to be a substantial, yet fair, deterrent under these circumstances.

2. Judgment is entered against Defendants, jointly and severally, in the amount of $4504.09; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 17, 2025

Kenneth D. Bell
United States District Judge